# UNITED STATES DISTRICT COURT
# IN THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: ASARCO, LLC | § § § | Civil No. CC-09-91 |

## ORDER DENYING MOTION TO WITHDRAW THE REFERENCE

On March 12, 2009, pursuant to FED. R. BANK. P. 9019, the Debtors filed a motion asking the Bankruptcy Court to approve a settlement agreement concerning certain environmental claims. On April 6, 2009, pursuant to 28 U.S.C. §157(d), the Parent filed a motion asking this Court to withdraw reference of the motion. The Parent contends the Bankruptcy Court does not have jurisdiction to approve the settlement because it requires the court to consider complex issues concerning CERCLA[1]. *See* 42 U.S.C. §§9601 *et seq*.

On April 24, 2009, the Bankruptcy Court issued a report recommending this Court deny the motion to withdraw the reference on the grounds that (1) it is untimely, (2) a ruling on the 9019 Motion does not require substantial and material consideration of CERCLA, and (3) withdrawal will not serve judicial economy (D.E. 2). On April 30, 2009, this Court held a telephone conference to discuss the Bankruptcy Court's recommendation. All parties were given an opportunity to present oral argument as to whether this Court should adopt the Bankruptcy Court's recommendation. For the reasons discussed below, the motion to withdraw the reference is DENIED (D.E. 1).

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act. *See* 42 U.S.C. §§9601 *et seq.*

The Court finds the motion to withdraw the reference was not timely made, which is required by 28 U.S.C. §157(d). In 2007, ASARCO began the environmental claims allowance process by asking the Bankruptcy Court to estimate environmental claims at 21 sites. The Parent has admittedly participated in and otherwise been actively involved in this claims allowance process. Over the past several years, after much discovery and having conducted lengthy evidentiary hearings, the Bankruptcy Court has approved numerous environmental settlement agreements. It is undisputed that all of those settlement agreements implicate CERCLA. Although this has been readily apparent to the Parent for years, it has never once objected to the Bankruptcy Court's jurisdiction to approve such settlements. As such, the Court finds the motion to withdraw the reference is untimely.

The Court finds the Parent has failed to demonstrate that the grounds for withdrawal are satisfied. At oral argument, the Parent admitted there was nothing in the original pleadings that explains in detail what "complex" CERCLA issues the Bankruptcy Court will have to consider in approving this settlement agreement. The Parent cites to *Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 252 B.R. 373 (E.D. Tex. 2000), but has not otherwise explained to this Court how, in approving this specific settlement agreement, the Bankruptcy Court will have to either interpret, as opposed to merely apply, the CERCLA statute. *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996). Nor has the Parent explained how in this case, the Bankruptcy Court will be forced to analyze any significant unresolved issues arising under CERCLA. *Id.*

The Parent's motion to withdraw the reference is DENIED (D.E. 1).

ORDERED this _12_ day of _May_, 2009.

_/s/ Hayden Head_
HAYDEN HEAD
CHIEF JUDGE