UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE: ASARCO, LLC § Civil No. CC-09-91
§
§

### ORDER DENYING THE PARENT'S MOTIONS FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY

Debtor in possession ASARCO, LLC ("ASARCO") filed Chapter 11 bankruptcy in August 2005. Its estate is burdened with approximately 6.5 billion dollars in environmental claims. In January 2007, in an effort to achieve confirmation of a plan of reorganization, ASARCO filed a motion asking the Bankruptcy Court to estimate the environmental claims at 21 sites, which account for approximately 6 billion dollars. Over the past several years the Bankruptcy Court has held estimation hearings and approved numerous environmental settlement agreements, all of which implicate CERCLA.[1] ASARCO Incorporated ("the Parent"), the corporate parent of ASARCO, has been actively involved in this claims allowance process and until recent weeks has never objected to the Bankruptcy Court's jurisdiction to estimate the claims or approve these settlements.

On March 12, 2009, pursuant to FED. R. BANK. P. 9019, ASARCO filed a motion asking the Bankruptcy Court to approve five settlement agreements that resolve substantial outstanding environmental claims. On April 6, 2009, for the first time, pursuant to 28 U.S.C.

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act. *See* 42 U.S.C. §§9601 *et seq.*

§157(d), the Parent filed a motion asking this Court to withdraw reference of the motion, arguing the Bankruptcy Court does not have jurisdiction to approve the settlements because it requires the court to consider "complex" CERCLA issues. On April 24, 2009, the Bankruptcy Court recommended this Court deny the motion to withdraw the reference on the grounds that (1) it is untimely, (2) a ruling on the 9019 Motion does not require substantial and material consideration of CERCLA, and (3) withdrawal will not serve judicial economy (D.E. 2). On April 30, 2009, this Court held a telephone conference at which all parties were given an opportunity to present oral argument on whether this Court should adopt the Bankruptcy Court's recommendation. On May 1, 2009, this Court denied the motion to withdraw because it was untimely and the Parent failed to demonstrate the grounds for withdrawal were satisfied (D.E. 7, 12). The Bankruptcy Court is scheduled to begin hearings on ASARCO's Rule 9019 motion on Monday, May 18, 2009.

On May 11, 2009, pursuant to 28 U.S.C. §1292(b), the Parent filed a motion asking this Court to certify an interlocutory appeal of this Court's order denying the motion to withdraw the reference to the Fifth Circuit Court of Appeals. The Parent also asks this Court to stay further proceedings in the Bankruptcy Court while its motion for certification and any subsequent petition for interlocutory appeal are pending. For the reasons discussed below, the motions for certification and stay are DENIED (D.E. 11).

To certify an order for interlocutory appeal under 28 U.S.C. §1292(b), a district judge shall be of the opinion that such order (1) involves a controlling question of law, (2) as to

which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). Such is not the Court's opinion in this case.

The Court finds its order denying withdrawal of the reference does not involve a controlling question of law as to which there is a substantial ground for difference of opinion. The Parent contends "[T]he question of whether, as a categorical matter, withdrawal of the reference is mandatory with respect to any settlement resolving CERCLA claims, is clearly a controlling issue of law." Citing to this Court's order, *Southern Pacific Transportation Co. v. Voluntary Purchasing Groups, Inc.*, 252 B.R. 373 (E.D. Tex. 2000), and *In re Gypsum Co.*, 134 B.R. 188 (N.D. Tex. 1991), the Parent argues there is a substantial ground for difference of opinion on this issue.

This Court does not adopt the categorical approach suggested by the Parent. In its order denying withdrawal, this Court made a factual finding that mandatory withdrawal was not warranted in the specific context of this case. Specifically, this Court found the Parent's motion was untimely and that the Parent failed to identify or explain any issues that would require substantial and material consideration of CERCLA to warrant review by the district court.

> At oral argument, the Parent admitted there was nothing in the original pleadings that explains in detail what "complex" CERCLA issues the Bankruptcy Court will have to consider in approving this settlement agreement. The Parent cites to *Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 252 B.R. 373 (E.D. Tex. 2000), but has not otherwise explained to this Court how, in approving this specific settlement

agreement, the Bankruptcy Court will have to either interpret, as opposed to merely apply, the CERCLA statute. *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996). Nor has the Parent explained how in this case, the Bankruptcy Court will be forced to analyze any significant unresolved issues arising under CERCLA. *Id.*

The Court finds immediate appeal of this Court's order will not materially advance the ultimate termination of the litigation. The Parent contends "[F]ailing to resolve this question now will preserve a jurisdictional question on appeal with the potential to nullify any decision by the Bankruptcy Court on the 9019 Motion as well as any plan to the extent such plan is premised or relies upon the terms of the environmental settlements encompassed within the 9019 Motion." The Court acknowledges this is a legitimate concern; however, § 1292(b) mandates that this Court find appeal of its order will materially advance termination of the litigation, not merely avoid a hypothetical delay. Moreover, it is undisputed that this is a critical moment in ASARCO's bankruptcy. The Bankruptcy Court, ASARCO, and the United States represent to this Court that any delay caused by appeal may jeopardize a plan of reorganization involving the sale of ASARCO's assets to Sterlite (USA) Inc. In its recommendation, the Bankruptcy Court found, "[T]he Court is dealing with a case that is now four years old, involving a business reliant on the volatile commodities market. For this company to survive and reorganize, confirmation must occur soon." The Parent has presented no evidence or otherwise responded to the contrary.

Lastly, the Court finds there are no grounds to stay further Bankruptcy Court proceedings. The Parent has made no effort whatsoever to address any of the criteria

recognized for a stay pending appeal, which are (1) the likelihood of success on the merits, (2) irreparable injury, and (3) substantial harm to the other parties, and (4) the public interest. *In re First South Sav. Ass'n*, 820 F.2d 700, 710 (5th Cir. 1987). The Parent has not even plead that is will suffer any irreparable injury if the stay is not granted. Furthermore, for many of the same reasons discussed above, the Court finds granting a stay may substantially harm ASARCO. Any delay caused by granting a stay may unnecessarily undermine ASARCO's efforts to exit bankruptcy.

The Parent's motions for certification of interlocutory appeal and stay are DENIED (D.E. 11).

ORDERED this _15_ day of _March_, 2009.

HAYDEN HEAD
CHIEF JUDGE